UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRITTANY   COMPAGNONE,   on
behalf of herself and those
similarly situated,

        Plaintiff,

v.                                    Case No: 2:15-cv-647-FtM-99MRM

DL   POOL   SERVICE,   LLC,   a
Florida   Limited   Liability
Company,

        Defendant.

---

### OPINION AND ORDER

This matter comes before the Court on plaintiff's Motion for an Order Permitting Supervised Notice to Potential Opt-in Plaintiffs and Conditional Certification as a Collective Action (Doc. #40) filed on May 4, 2016, and defendant's Response (Doc. #43) filed on June 8, 2016.  For the reasons set forth below, the motion is granted to the extent that this case is conditionally certified as a collective action, but denied as to the request for approval of plaintiff's proposed notice to potential class members.  (Doc. #40-3.)

**I.**

Plaintiff Brittany Compagnone (plaintiff or Compagnone) has filed a one-count Amended Complaint (Doc. #17) against her former employer, DL Pool Service, LLC (defendant or DL), on her own behalf

and on behalf of other similarly situated individuals, for overtime compensation relief under the Fair Labor Standards Act (FLSA), 28 U.S.C. §§ 201-19.  On January 18, 2016, Juan Long (Long) filed a Notice of Consent to Join.  (Doc. #21-2.)  To date, no others have joined Compagnone and Long as plaintiffs.  The underlying facts, as set forth in the Amended Complaint, are as follows:

Compagnone worked for DL as a "pool service technician"[1] from approximately May 1, 2014 through March 20, 2015, servicing commercial and residential pools and spas.  (Doc. #17, ¶¶ 3-4.) Plaintiff alleges that she, Long, and other similarly situated employees were paid a weekly salary[2] during their employment with

---

[1] In Compagnone's Declaration attached in support of the certification motion, she states that she worked for defendant as a "service technician."  (Doc. #40-1.)  Yet in her Verified Answers to the Court's Interrogatories, she stated she was a "pool route technician."  (Doc. #22.)  Likewise, in the Amended Complaint, plaintiff asserts that Long worked for DL as a "pool service technician," yet in Long's Verified Answers to the Court's Interrogatories, he states he was a "repair technician/route technician."  (Doc. #17, ¶5; Doc. #27.)  And Long's Declaration states that he was a "service technician."  (Doc. #40-2.)  The Court notes that plaintiff's proposed notice to potential class members refers to Compagnone as a "service technician" and uses this title in the class description contained therein.  (Doc. #40-3.)  As the Court finds that plaintiff has offered a reasonable basis for her assertion that there are other similarly situated employees who desire to opt-in, the discrepancies in the titles are not significant to the issue of conditional certification.

[2] At one point in the Amended Complaint Compagnone alleges that she was an "hourly paid employee," yet elsewhere in the Amended Complaint and in her Declaration in support of the certification motion, she claims that she was a salaried employee. (Doc. #17, ¶¶ 2, 22, 25, 35, 41; Doc. #40-1.)  The same discrepancy regarding how Long was paid also exists.  Plaintiff's other allegations comport with Compagnone and Long being salaried

defendant and "additional pay when they worked on the weekend."
(Id. at ¶¶ 19-20.)   Plaintiff alleges that all of defendant's
service technicians performed the same or similar job duties,
worked similar hours, and were paid pursuant to the same salary
compensation plan.   (Id. at ¶¶ 23-25, 28.)   During their
employment, Compagnone and Long allege that they were required to
work in excess of 40 hours per week but were told that they were
salaried employees and therefore ineligible for overtime
compensation.  (Id. at ¶ 22.)  Compagnone alleges that she, and
those similarly situated, were not compensated at a rate of one
and one-half their regular rate of pay for those hours worked in
excess of forty in a workweek in violation of the FLSA.  (Id. at
¶ 31.)

Compagnone now seeks conditional certification as a
collective action and requests that the Court facilitate notice to
potential collective action plaintiffs.  (Doc. #40.)  Compagnone
seeks to facilitate notice to

> all current and former service technicians who worked
> for Defendant any time within the last three (3) years,
> and who were subjected to Defendant's illegal practice
> of not paying full and proper overtime compensation for
> all overtime hours worked.

---

employees.

(Id. at ¶ 4.)  Plaintiff estimates that there are approximately forty (40) service technicians that fall within this definition. (Doc. #17, ¶ 26.)

Defendant opposes plaintiff's motion on several grounds. (Doc. #43.)  First, DL argues that Compagnone has failed to satisfy her burden that there are other employees who wish to opt-in to the lawsuit; and second, that plaintiff has failed to establish that she is similarly situated to other pool service technicians, so as to make her an appropriate class representative.  (Id. at p. 3.)  Additionally, defendant asserts that even if the Court allows conditional certification, plaintiff's proposed notice is insufficient.  (Id. at pp. 18-20.)

**II.**

An action to recover unpaid overtime compensation under the FLSA may be maintained

> against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.  No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).  The purpose of such a collective action is "to avoid multiple lawsuits where numerous employees have allegedly been harmed by a claimed violation or violations of the

FLSA by a particular employer." Prickett v. DeKalb County, 349
F.3d 1294, 1297 (11th Cir. 2003).

To demonstrate that plaintiffs are "similarly situated," an
opt-in plaintiff "need show only that their positions are similar,
not identical, to the positions held by the putative class
members." Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208,
1217 (11th Cir. 2001) (quotations and citations omitted). The
Eleventh Circuit has adopted a two-tiered approach to
certification:

> The first determination is made at the so-called "notice
> stage." At the notice stage, the district court makes
> a decision - usually based only on the pleadings and any
> affidavits which have been submitted - whether notice of
> the action should be given to potential class members.
>
> Because the court has minimal evidence, this
> determination is made using a fairly lenient standard,
> and typically results in "conditional certification" of
> a representative class. If the district court
> "conditionally certifies" the class, putative class
> members are given notice and the opportunity to "opt-
> in." The action proceeds as a representative action
> throughout discovery.
>
> The second determination is typically precipitated by a
> motion for "decertification" by the defendant usually
> filed after discovery is largely complete and the matter
> is ready for trial....

Hipp, 252 F.3d at 1218.

Before providing notice, a plaintiff must offer a "reasonable
basis" for her assertion that there are other similarly situated
employees who desire to opt-in. Morgan v. Family Dollar Stores,
Inc., 551 F.3d 1233, 1260 (11th Cir. 2008); Dybach v. Fla. Dep't

of Corr., 942 F.2d 1562, 1567 (11th Cir. 1991).  At this stage, the Court applies a "fairly lenient standard", Anderson v. Cagle's Inc., 488 F.3d 945, 953 (11th Cir. 2007), although there must be more than counsel's unsupported assertions, Morgan, 551 F.3d at 1261.  "Evidence of similarly situated employees who desire to opt in may be based on affidavits of other employees, consents to join the lawsuit filed by other employees, or expert evidence on the existence of other similarly situated employees," but "plaintiff's or counsel's belief in the existence of other employees who desire to opt in and unsupported expectations that additional plaintiffs will subsequently come forward are insufficient to justify certification of a collective action and notice to a potential class."  Hart v. JPMorgan Chase Bank, N.A., No. 8:12-cv-470-T-27TBM, 2012 WL 6196035, at *4 (M.D. Fla. Dec. 12, 2012) (internal citations omitted).

### III.

Defendant argues that plaintiff cannot establish that she is similarly situated with the putative plaintiffs because she has failed to show that there are other employees who desire to opt-in to the action, and has failed to demonstrate a reasonable basis for her claim that there are similarly situated employees who have been denied overtime pay.  Plaintiff alleges the contrary.

## A. Similarly Situated Individuals

In support of her assertion that other similarly situated service technicians exist, plaintiff states that all of defendant's service technicians performed the exact same job duties, worked similar hours, and were paid pursuant to the same salary compensation plan. (Doc. #40-1.) Defendant argues that plaintiff has failed to offer any evidence of DL's pay practices. Defendant also cites discrepancies in plaintiff and Long's responses to the Court's Interrogatories regarding their work schedules and work duties, showing that plaintiff is not similarly situated to other service technicians.

With regard to their work schedules, Compagnone states that as a "pool route technician" her schedule varied, but typically consisted of work on Monday through Friday, and included weekend work if for some reason her route was not completed. (Doc. #22.) Long states that he had a full-time route, and did not provide any information about his schedule. (Doc. #27.) With regard to job duties, Compagnone's "were to service and maintain commercial and residential pools." (Doc. #22.) Long states that he was a "repair technician/route technician" that was "hired for repairs." (Doc. #27.) Both Compagnone and Long's Declarations state that they were "primarily responsible for installing Defendant's products." (Docs. ##40-1, ¶ 6; 40-2, ¶ 6.)

The Court finds that plaintiff has provided a "reasonable basis" that the other employees are similarly situated to plaintiff in regard to their job duties and pay provisions. Plaintiff has alleged that all potential opt-ins worked on a full-time basis, including overtime, for which they were not compensated, providing Declarations in support of this assertion. (Docs. ## 17, ¶ 22; 40-1; 40-2.) Furthermore, the Court does not find that the discrepancies in Compagnone's and Long's job duties sufficient to defeat conditional certification. At this stage of the proceedings, the Court declines to weigh evidence and make factual determinations. See Morgan, 551 F.3d at 1261 ("[A]t the second stage....the district court must consider whether the defenses that apply to the opt-in plaintiffs' claims are similar to one another or whether they vary significantly." (citation omitted)).

Defendant also argues that because some putative plaintiffs signed arbitration agreements, they are not similarly situated. (Doc. #43, pp. 17-18.) Many courts have held that issues regarding arbitration agreements executed by employees are more properly examined at the second tier of the certification process because they involve merit-based determinations. See Racey v. Jay-Jay Cabaret, Inc., No. 15 Civ. 8228 (KPF), 2016 WL 3020933, at *5 (S.D.N.Y. May 23, 2016); Williams v. Omainsky, No. 15-0123-WS-N, 2016 WL 297718, at *7 n.14 (S.D. Ala. Jan. 21, 2016) (collecting cases); Sealy v. Keiser Sch., Inc., No. 11-61426-CIV, 2011 WL

- 8 -

7641238, at *3 (S.D. Fla. Nov. 8, 2011).  This Court agrees. Accordingly, the Court finds that defendant's arguments regarding the arbitration agreements are more properly suited to be addressed at the decertification stage.

**B. Existence of Other Individuals Who Desire to Opt In**

In support of her assertion that there are additional similarly situated individuals that were subject to the same employment policies who wish to opt in, Compagnone points to her Declaration, as well as Long's Declaration, which state that during their employment with defendant, they worked with approximately 10 to 15 similarly situated service technicians.  (Docs. ##40-1, ¶ 11; 40-2, ¶ 9.)  They estimate that there are approximately 40 to 80 similarly situated service technicians due to high turnover. (Id. at ¶ 10; ¶ 12.)  The Declarations state that each "anticipate that mostly all of the technicians from my branch would be inclined to join if they receive notice fully explaining their rights to join this action because we were unaware that there was a suit or that we could join the suit."  (Id. at ¶ 11; ¶ 13.)  Further, plaintiff points to the fact that one other former DL employee participated in their own separate FLSA suit for overtime violations against DL.  (Doc. #40, pp. 9-10.)

Defendant asserts that plaintiff has not produced sufficient evidence to show that there are additional similarly situated individuals who wish to opt-in, stating that other than the

conclusory allegations contained in the Amended Complaint, plaintiff offers only her own self-serving Declaration, and that of opt-in plaintiff Long, as evidence of a belief that others wish to join this suit.  Defendant also argues that plaintiff has failed to demonstrate that there are a sufficient number of potential class members to warrant conditional certification.  In support, defendant points to the Affidavit of Justin Henderson, Controller for DL (Henderson Affidavit), attached to its Response.  (Doc. #43-1.)  The Henderson Affidavit states that, excluding the three individuals that have already filed claims against defendant from the total number of potential class members, the number of individuals in the potential class would be less than thirty, including eleven that remain employed by DL.  (Id. at ¶ 10.)  And, the eleven current employees signed an arbitration agreement implemented after Compagnone's employment ended, agreeing to arbitrate any FLSA disputes.  (Id. at ¶¶ 11-13.)  Therefore, defendant argues these eleven employees should be excluded from the potential class.

A review of the relevant case law confirms that no firm line has been drawn regarding the number of opt-ins necessary, or magic language required, to convince the court that additional putative plaintiffs will join or desire to join the action.  See Ciani v. Talk of The Town Rests., Inc., No. 8:14-cv-2197-T-33AEP, 2015 WL 226013, at *2 (M.D. Fla. Jan. 16, 2015) (finding presence of two

opt-in plaintiffs, each having filed a declaration describing their working condition sufficient to show others desire to join); Teahl v. The Lazy Flamingo, No. 2:13-cv-833-FtM-38CM, 2015 WL 179367, at *5-6 (M.D. Fla. Jan. 14, 2015) (finding declaration and two opt-ins sufficient to provide a reasonable basis that others desire to join); Gonzalez v. TZ Ins. Sols., LLC, No. 8:13-cv-2098-T-33EAJ, 2014 WL 1248154, at *2 (M.D. Fla. Mar. 26, 2014) (finding that "[a]lthough there is no magic number requirement for the notice stage," five opt-in plaintiffs are sufficient to convince the court that others desire to join the action); Robbins-Pagel v. Puckett, No. 6:05-cv-1582-Orl-31DAB, 2006 WL 3393706, at *2 (M.D. Fla. Nov. 22, 2006) (finding affidavits submitted by plaintiff and two additional former employees sufficient to show that others desire to join).  Although the burden of showing that there are other employees who desire to opt in is minimal, this "minimal burden should not be confused with a nonexistent burden." Goodrich v. Covelli Family Ltd. P'ship, No. 8:11-cv-1715-T-33TBM, 2012 WL 1081473, at *3 (M.D. Fla. Mar. 30, 2012).

While the Court agrees that a valid arbitration clause is enforceable in an FLSA collective action, see Walthour v. Chipio Windshield Repair, LLC, 745 F.3d 1326 (11th Cir. 2014), it does not find defendant's allegation that an arbitration agreement was rolled out after Compagnone's employment ended to be dispositive proof that others do not desire to join.  While some courts have

been able to conclusively establish that named plaintiffs were prohibited from bringing an action as a result of an arbitration agreement, other courts have held that the fact that some members of a proposed class may be subject to an arbitration provision does not preclude the conditional certification of a class. See Saravia v. Dynamex, Inc., 310 F.R.D. 412, 424 (N.D. Cal. 2015); Bowman v. Dow Run Res. Corp., No. 4:13 CV 2519 CDP, 2014 WL 3579885, at *5 (E.D. Mo. July 21, 2014). As discussed supra, issues regarding the arbitration agreements in this case are more properly addressed at the decertification stage or on a motion to compel arbitration.

Under the "fairly lenient standard" appropriate at this stage of the proceedings, the Court is satisfied, however, that plaintiff has provided a "reasonable basis" for her assertion that there are additional similarly situated individuals who desire to opt-in. See Scheall v. NICAEA Acad., Inc., No. 2:14-cv-653-FtM-29DNF, 2015 WL 3991041, at *2 (M.D. Fla. June 30, 2015) (finding presence of two opt-ins in addition to plaintiff and affidavits of plaintiff and one opt-in sufficient to show there are similarly situated individuals who wish to opt-in); Kirk v. Dr. Goodroof, Inc., No. 2:14-cv-639-FtM-29CM, 2015 WL 1138445, at *1-2 (M.D. Fla. Mar. 13, 2015) (finding plaintiff and one other opt-in's testimony sufficient to show others' desire to join).

Accordingly, conditional certification is warranted and the Court will now address the definition of the putative class and the substance of the notice to be sent to putative class members.

### C. Adequacy of the Proposed Notice

Defendant objects to the proposed notice attached to plaintiff's motion (Doc. #40-3) on multiple grounds: (1) the class definition is overly broad as to the time period, (2) it is not impartial, (3) it fails to inform recipients of their right to obtain independent legal representation, (4) it improperly instructs recipients to contact plaintiff's counsel should retaliation occur, (5) fails to notify opt-in plaintiffs that they may be liable for attorneys' fees and costs in the event that the court were to find that the matter was litigated in bad faith, and (6) plaintiff's request to post notices at company locations and send via email should be denied because notice by mail is sufficient. (Doc. #43, pp. 18-20.) The Court will consider each objection in turn.

In the proposed notice, plaintiff seeks to represent a class of former and current service technicians who have worked for DL at any time within the last three years. (Doc. #40-3, p. 1.) The Court agrees that the proposed notice is overbroad as to the time period because it does not define a start or end date. The Court will allow plaintiff the opportunity to file a revised proposed notice.

With regard to impartiality, defendant argues that the proposed notice does not contain any mention that DL disputes plaintiff's claims.  (Doc. #43, p. 19.)  The Court disagrees.  The proposed notice states under the heading "DEFENDANT'S POSITION" that "DL POOL maintains that it paid its service technicians in accordance with the applicable law and that each was properly compensated."  (Doc. #40-3, p. 1.)  Defendant may assert any further objections in response to the revised proposed notice.  The Court further notes that the proposed notice states that "[t]he court has made no finding as to the merits of the case at this time."  (Id.)

Defendant next argues that the proposed notice improperly leads one to believe that if a potential class member opts-in to the lawsuit, they have no choice but to be represented by plaintiff's counsel.  In this regard, the proposed notice reads, "legal representation if you join" – "If you choose to join in the lawsuit, you will be represented by the Representative Plaintiff[3] through her attorneys as counsel for the class."  (Id. at 2.)  The Court agrees that potential opt-ins should be informed that they may obtain independent legal counsel.

---

[3] The Court further notes that "Representative Plaintiff" is not defined in the proposed notice.  Any future amended notices should include this definition.

Defendant also takes issue with the fact that proposed notice contains the following anti-retaliation provision in boldface type:

> **Notice**: The law <u>prohibits</u> anyone from <u>discriminating or retaliating against you</u> for taking part in this case. If you believe that you have been penalized, disciplined, punished, threatened, intimidated, or discriminated against in any way as a result of your receiving this notification, your considering whether to complete and submit the Notice of Consent, or your having submitted the Notice of Consent, you may contact the attorneys at the number provided above.

(Doc. #40-3, p. 3.)  Defendant argues that because the issue of retaliation has not been raised by plaintiff, including it in the proposed notice is improper.  The Court will allow the provision, but finds that it is improper as stated because it does not inform potential opt-ins that they may seek independent legal counsel. Therefore, the last sentence should read: "If you believe that you have been penalized, disciplined, punished, threatened, intimidated, or discriminated against in any way as a result of your receiving this notification, your considering whether to complete and submit the Notice of Consent, or your having submitted the Notice of Consent, you may contact an attorney of your choice or the attorneys at the number provided above."

The proposed notice also states under the heading "Effect of Joining Suit" that the opt-in plaintiffs would not "be required to pay attorney's fees directly."  (<u>Id.</u>)  In <u>Turlington v. Atlanta Gas Light Co.</u>, 135 F.3d 1428, 1437 (11th Cir. 1998), the Eleventh

Circuit noted that the FLSA entitles a prevailing defendant to attorney's fees and costs when the district court finds that the plaintiff litigated in bad faith.  It is not clear what plaintiff means when she states that potential opt-in plaintiff would not have to pay for attorney's fees "directly."  The notice should warn potential class members that, should DL prevail, all class members may be held responsible for DL's attorney's fees and defense costs.

Finally, as recognized previously by this Court, "requests [to post notices] are routinely granted and the Court sees no reason to divert from that standard of practice in this case." Scheall, 2015 WL 3991041, at *3 (citing Fiore v. Goodyear Tire & Rubber Co., No. 2:09-cv-843-FtM-29SPC, 2011 WL 867043, at *4 (M.D. Fla. Mar. 10, 2011)).  The Court also approves sending notices via first class mail as well as via email.  "A number of courts have determined that email is an inexpensive and appropriate means of delivering notice of an action to a class." Palma v. Metropcs Wireless, Inc., No. 8:13-cv-698-T-33MAP, 2014 WL 235478, at *2 (M.D. Fla. Jan. 22, 2014).  Therefore, service by email will be allowed.

### D. Notice-Related Discovery

Plaintiff requests that the Court order defendant to produce a list of all similarly situated service technicians who worked for defendant within the last three (3) years, within 30 days in

order to facilitate notice of the lawsuit.   (Doc. #40, p. 16.) The Court agrees that limited notice-related discovery is appropriate here, but as the time period is not yet defined, the Court will defer ordering such a production.   Plaintiff should include the request for production when filing the revised proposed notice.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.   Plaintiff's Motion for an Order Permitting Supervised Notice to Potential Opt-in Plaintiffs and Conditional Certification as a Collective Action (Doc. #40) is **GRANTED IN PART AND DENIED IN PART.**   This action is conditionally certified as a collective action, but the request to permit notice is denied without prejudice pending the Court's review of a revised proposed notice to be filed by plaintiff on or before **November 21, 2016**.

2.   Defendant shall file any objections to plaintiff's revised proposed notice on or before **December 1, 2016**.

**DONE and ORDERED** at Fort Myers, Florida, this ___7th___ day of November, 2016.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

- 17 -